IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BLAINE OLSON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) **Judge Donald Molloy** ) |
| vs. | ) **Case No. Civil 06-195-M-DWM-JCL** ) |
| ALLIANCE SEMICONDUCTOR CORP.; CYPRESS SEMICONDUCTOR CORP.; ETRON TECHNOLOGY, INC.; ETRON TECHNOLOGY AMERICA, INC.; GSI TECHNOLOGY, INC.; HITACHI, LTD.; HYNIX SEMICONDUCTOR, INC., HYNIX SEMICONDUCTOR AMERICA, INC.; INTEGRATED SILICON SOLUTION, INC.; MICRON TECHNOLOGY, INC.; CRUCIAL TECHNOLOGY, INC.; MITSUBISHI ELECTRIC CORP.; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; NEC ELECTRONICS CORP.; NEC ELECTRONICS AMERICA, INC.; RENESAS TECHNOLOGY CORP.; RENESAS TECHNOLOGY AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA; SONY CORP.; SONY ELECTRONICS, INC.; TOSHIBA CORP.; TOSHIBA AMERICA ELECTRONIC COMPONENTS; WINBOND ELECTRONICS CORP.; WINBOND ELECTRONICS CORP. AMERICA, FUJITSU LTD., FUJITSU AMERICAN, INC.; INTERNATIONSL BUSINESS MACHINES CORP.; IBM MICROELECTRONICS, LTD.; SEIKO EPSON CORP.; EPSON AMERICA, INC.; EPSON ELECTRONICS AMERICA, INC.; SHARP CORP.; SHARP ELECTRONICS CORP.; STMICROELECTRONICS N.V.; and STMICROELECTRONICS, INC. | ) **CLASS-ACTION COMPLAINT** ) ) **(Jury Trial Demand)** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, Blaine Olson, files this Complaint for injunctive relief on behalf of himself and all others similarly situated in the United States and, alternatively, for money damages on behalf of himself and all others similarly situated in Montana who purchased Static Random Access Memory ("SRAM") indirectly from Defendants, their predecessors, or their controlled subsidiaries and affiliates from January 1, 1998 to December 31, 2005 (the "Class Period"), and for his complaint alleges as follows:

## NATURE OF THE CASE

1. Plaintiff's class-action lawsuit arises from Defendants' participation in a conspiracy to restrain the trade for and sale of SRAM. Plaintiff's Complaint alleges alternative claims on behalf of alternative classes: On behalf of consumers in all 50 states, Plaintiff alleges that he indirectly purchased SRAM from Defendants whose conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. §1, thus entitling Plaintiff and the 50-state class to injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. §26; Plaintiff alleges that he indirectly purchased Defendants' SRAM from Defendants, whose conspiracy violated Mont. Code Ann. §30-14-201 *et seq.*, thus entitling Plaintiff and consumers in Montana to money damages; and Plaintiff alleges a claim for unjust enrichment under Montana common law.

2. Defendants produce, manufacture, distribute, and sell SRAM to customers throughout the U.S., including in Montana. During the Class Period, Defendants and their co-conspirators agreed, combined, and conspired with each other to fix, maintain, or stabilize prices and to allocate markets for the sale of SRAM. As a result, Plaintiff and class members paid higher SRAM prices than they would have paid in a competitive market and have been damaged as a result.

## JURISDICTION AND VENUE

3.     This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C. §1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiff is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2) and (6). This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendants is a citizen or subject of a foreign state." The Court also has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually conduct business here and throughout the U.S., including marketing, advertising, and sales directed to Montana residents.

4.     This Court has venue under 15 U.S.C. §22 and 28 U.S.C. §1391 because Defendants reside, transact business, or are found within this District, and a substantial part o the events giving rise to the claims arose in this District.

## PARTIES

5.     Plaintiff, Blaine Olson, is a resident of Missoula County, State of Montana, who indirectly purchased one or more of the Defendant's SRAM during the Class Period.

6.     Defendant ALLIANCE SEMICONDUCTOR CORPORATION is a publicly traded technology company (NASDAQ: ALSC). It is a Delaware corporation headquartered at 2900 Lakeside Drive, Santa Clara, California 95054. During the Class Period, Alliance Semiconductor Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

7.   Defendant CYPRESS SEMICONDUCTOR CORPORATION is a publicly traded technology company (NYSE: CY). It is a Delaware corporation headquartered at 198 Champion Court, San Jose, California 95134. During the Class Period, Cypress Semiconductor Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

8.   Defendant EIRON TECHNOLOGY, INC. maintains its corporate headquarters at No. 6, Technology Road 5, Hsinchu Science Park, Hsinchu, Taiwan 30078. During the Class Period, Etron Technology, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

9.   Defendant ETRON TECHNOLOGY AMERICA, INC. is headquartered at 3375 Scott Boulevard, Suite 128, Santa Clara, California 95054. During the Class Period, Etron Technology America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

10.   Defendant GSI TECHNOLOGY, INC. designs, develops, and markets high performance SRAM for the networking and telecommunications markets. It is a Delaware corporation, headquartered at 2360 Owen Street, Santa Clara, California 95054. During the Class Period, GSI Technology, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

11.   Defendant HITACHI, LTD. maintains its head offices at 6-6 Marunouchi 1-Chrome, Chiyoda-ku, Tokyo, 100-8280 Japan. During the Class Period, Hitachi, Ltd. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

12.   Defendant HYNIX SEMICONDUCTOR, INC. maintains its head offices at SAN 136-1, Ami-Ri Bubal-eub, Ichon-Si, Kyoungki-do, Korea. During the Class Period, Hynix

Semiconductor, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

13. Defendant HYNIX SEMICONDUCTOR AMERICA, INC. is a wholly owned and controlled subsidiary of defendant Hynix Semiconductor, Inc. Hynix Semiconductor America, Inc. is a California corporation located at 3101 North First Street, San Jose, California 95134. During the Class Period, it sold, and distributed SRAM throughout the U.S., including in Montana.

14. Defendant INTEGRATED SILICON SOLUTIONS, INC. is a Delaware corporation located at 2231 Lawson Lane, Santa Clara, California 95054. It is a publicly traded company (NASDAQ: ISSI). During the Class Period, Integrated Silicon Solution, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

15. Defendant MICRON TECHNOLOGY, INC. is a Delaware corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho 83707. It is a publicly traded company (NYSE: MU). During the Class Period, Micron Technology, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

16. Defendant CRUCIAL TECHNOLOGY, INC. is a corporation with its principal place of business at 3475 E. Commercial Court, Meridian, Idaho 83642. Crucial Technology, Inc. is a division of Micron Semiconductor Products, Inc., a wholly owned subsidiary of Micron Technology, Inc. and during the Class Period manufactured, sold, and distributed SRAM throughout the U.S., including in Montana

17. Defendant MITSUBISHI ELECTRIC CORPORATION is a Japanese corporation with its principal place of business at 2-7-3, Marunouchi, Chyoda-ku, Tokyo 100-8310, Japan.

During the Class Period, Mitsubishi Electric Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

18. Defendant MITSUBISHI ELECTRIC & ELECTRONICS USA, INC. is a wholly owned subsidiary of Mitsubishi Electric Corporation and is located at 6556 Plaza Drive, P. O. Box 6007, Cypress, California 90630. During the Class Period, Mitsubishi Electric & Electronics USA, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

19. Defendant NEC ELECTRONICS CORPORATION is located at 1753 Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa 211-8668, Japan. During the Class Period, NEC Electronics Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

20. Defendant NEC ELECTRONICS AMERICA, INC. maintains its corporate headquarters at 2880 Scott Boulevard, Santa Clara, California 95050 and its manufacturing plant in Roseville, California. It is a wholly-owned subsidiary of NEC Electronics Corporation. During the Class Period, NEC Electronics America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

21. Defendant RENESAS TECHNOLOGY CORPORATION is located at 4-1, Marunouchi 2-Chrome, Chiyoda-ku, Tokyo 100-6334, Japan. During the Class Period, Renesas Technology Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

22. Defendant RENESAS TECHNOLOGY AMERICA, INC. is located at 450 Holger Way, San Jose, California 95134. During the Class Period, Renesas Technology

America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

23. Defendant SAMSUNG ELECTRONICS COMPANY, LTD. a Korean corporation, maintains its executive offices at Samsung Main Building, 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea. During the Class Period, During the Class Period, Samsung Electronics Company, Ltd. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

24. Defendant SAMSUNG ELECTRONICS AMERICA is located at 105 Challenger Road, Ridgefield Park, New Jersey 07660. During the Class Period, Samsung Electronics America manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

25. Defendant SONY CORPORATION is located at 6-7-35 Kitashinagawa, Shinagawa-ku, Tokyo, 141-0001 Japan. During the Class Period, Sony Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

26. Defendant SONY ELECTRONICS, INC. is a wholly-owned subsidiary of Sony Corporation. Sony Electronics Inc. is located at 16450 West Bernardo Drive, San Diego, California 92127. During the Class Period, Sony Electronics, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

27. Defendant TOSHIBA CORPORATION is located at 1-1 Shibaura, 1-Chrome Minato-ku, Tokyo 105-8001, Japan. During the Class Period, Toshiba Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

28. Defendant TOSHIBA AMERICA ELECTRONIC COMPONENTS is located at 9775 Toledo Way, Irvine, California 92618. During the Class Period, Toshiba America

Electronic Components manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

29. Defendant WINBOND ELECTRONICS CORPORATION is headquartered at 4 Creaton Road, 111, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C. During the Class Period, Winbond Electronics Corporation manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

30. Defendant WINBOND ELECTRONICS CORPORATION AMERICA, located at 2727 North First Street, San Jose, California 95134, is a wholly-owned subsidiary of Winbond Electronics Corporation. During the Class Period, Winbond Electronics Corporation America manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

31. Defendant FUJITSU LTD. is a business entity organized under the laws of Japan with its principal place of business in Shidome City Center 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan. During the Class Period, Fujitsu Ltd. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

32. Defendant FUJITSU AMERICA, INC. is a wholly owned and controlled subsidiary of Fujitsu, Ltd. Fujitsu America, Inc. is a business entity organized under California law with its principal place of business at 1250 Arques Ave., M/S 124 Sunnyvale, CA 94085. During the Class Period, Fujitsu America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

33. Defendant INTERNATIONAL BUSINESS MACHINES CORP. is a business entity organized under New York law with its principal place of business at New Orchard Road, Armonk, NY 10504. During the Class Period, International Business Machines Corp. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

34. Defendant IBM MICROELECTRONICS, LTD. is a business entity organized under the laws of Canada with its principal place of business at 50 Hines Road, Suite 240, Toronto, Ontario, Canada K2KMS. During the Class Period, IBM Microelectronics, Ltd. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

35. Defendant SEIKO EPSON CORP. is a business entity organized under the laws of Japan with its principal place of business at 3-3-5 Owa, Suwa, Nagano, Japan. During the Class Period, Seiko Epson Corp. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

36. Defendant EPSON AMERICA, INC. is a wholly owned and controlled subsidiary of Seiko Epson Corp. with its principal place of business at 3840 Kilroy Airport Way, Long Beach, CA 90806. During the Class Period, Epson America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

37. Defendant EPSON ELECTRONICS AMERICA, INC. is a wholly owned and controlled subsidiary of Seiko Epson Corp with its principal place of business at 150 River Oaks Parkway, San Jose, CA 95134. During the Class Period, Epson Electronics America, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

38. Defendant SHARP CORP. is a business entity organized under the laws of Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522. During the Class Period, Sharp Corp. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

39. Defendant SHARP ELECTRONICS CORP. is a wholly owned and controlled subsidiary of Sharp Corp. with its principal place of business at Sharp Plaza, Mahwah, New

Jersey 07430. During the Class Period, Sharp Electronics Corp. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

40.   Defendant STMICROELECTRONICS N.V. is a business entity organized under the laws of The Netherlands with is principal place of business at 39 Chemin Du Camp-des-filles, 1228 Plan-les-ouates, Geneva, Switzerland 1228. During the Class Period, STMicroelectronics N.V. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

41.   Defendants STMICROELECTRONICS, INC. is a wholly owned and controlled subsidiary of STMicroelectronics N.V with is principal place of business at 1210 Electronics Drive, M/S 2308, Carrollton, Texas 75006. During the Class Period, STMicroelectronics, Inc. manufactured, sold, and distributed SRAM throughout the U.S., including in Montana.

## CO-CONSPIRATORS AND AGENCY

42.   Certain other persons, firms, corporations and entities have participated as co-conspirators with Defendants in the violations and conspiracies alleged in this complaint. In order to engage in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged.

43.   At all relevant times, each Defendant was an agent of each of the remaining defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency. Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants. Defendants are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that are the subject of this complaint. Defendants, and each of them, have participated as members of the conspiracy or acted with or in furtherance of it, or